UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| TATE & LYLE SUCRALOSE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 06-2102 |
| HEBEI SUKERI SCIENCE AND | ) |
| TECHNOLOGY CO., LTD., et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In May 2006, Plaintiff Tate & Lyle Sucralose filed a Complaint (#1) against Defendant MTC Industries, Inc., among others. In June 2006, Plaintiff filed its First Amended Complaint (#3). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claims arise under the patent laws of the United States.

Defendant MTC Industries filed a Motion To Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue (#12) in August 2006. After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue **(#12)** be **GRANTED**.

## I. Background

Plaintiff alleged the following information in its amended complaint. Plaintiff is a Delaware corporation with its principal place of business in Decatur, Illinois. (#3, ¶ 3.) Plaintiff is the exclusive licensee of the '928 patent issued December 26, 1989, entitled "Sucrose Alkyl 4,6-Orthoacylates." (#3, ¶ 24.) Subsequent to the issuance of the '928 patent, Defendant MTC imported, offered to sell, sold, and/or used sucralose made by a process patented in the '928 patent within the United States. (#3, ¶ 28.) Defendant is still infringing at least one claim of the '928 patent in violation of 35 U.S.C. § 271(g) by importing, offering to sell, selling, or using sucralose in the United States. (#3, ¶ 29.) Plaintiff also alleged that each Defendant has

conducted business, caused injury to Plaintiff, and infringed the '928 patent "in this judicial district." (#3, ¶ 21.) Plaintiff seeks damages "adequate to compensate it for Defendant's infringement" and seeks to permanently enjoin Defendant from further infringing the '928 patent. (#3, p. 8.)

As part of its response to Plaintiff's motion, Defendant MTC filed an affidavit providing the following information. Defendant is a New York corporation with its principal place of business in Edgewood, New York. (Wang Aff., #32-4, ¶ 2.) Defendant is not registered to do business, nor does it maintain any office, manufacturing facilities, bank accounts, telephones, or telephone listings in the State of Illinois. (#32-4, ¶¶ 4-5.) Defendant has no sales or marketing agents or representatives in the State of Illinois. (#32-4, ¶ 7.) Defendant's products, including the allegedly infringing products, are not the subject of any promotion, advertising, or marketing effort to use the Illinois market. (#32-4, ¶ 8.) Between the years of 2002 and 2005, Defendant sold $19,000 worth of products in Illinois and none of those products were related to the alleged infringing products. (#32-4, ¶ 15.) These sales constituted less than 0.1% of Defendant's total revenue. (#32-4, ¶ 15.) Defendant derives no revenue from the manufacture or sale of the allegedly infringing products, nor does Defendant directly ship or distribute the allegedly infringing products in Illinois. (#32-4, ¶¶ 9-10.)

## II. Standard

When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the claim as true, and draw all reasonable inferences in favor of the nonmoving party. *Adams v. U.S.*, 391 F.3d 1212, 1218 (Fed. Cir. 2004). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Id.*

A motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. FED. R. CIV. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 548 (7th Cir. 2004). In ruling on a motion to dismiss for lack of personal jurisdiction,

courts are not limited to the facts set forth in the complaint, but rather may receive and consider affidavits from both parties. *Nelson v. Park Inds., Inc.,* 717 F.2d 1120, 1123 (7th Cir. 1983). When deciding such a motion solely on the basis of the parties' written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction and is entitled to have all inferences about material jurisdictional facts resolved in its favor. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002).

### III. Analysis

Defendant argues that this Court should dismiss the first amended complaint because $19,000 of product sales in Illinois unrelated to the infringement claim and a website permitting Illinois customers to place orders via the internet do not establish the kind of minimum contacts necessary to allow a federal court in Illinois to exercise personal jurisdiction over a New York corporation with its principal place of business in New York. Plaintiff responds that the same facts do not justify granting Defendant's motion to dismiss.

To determine whether personal jurisdiction exists courts must consider: (1) whether the Illinois long-arm statute authorizes the exercise of personal jurisdiction over the defendant, and (2) whether the exercise of personal jurisdiction would comport with due process. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200-01 (Fed. Cir. 2003). In determining whether to exercise personal jurisdiction over an out-of-state accused patent infringer, courts rely on Federal Circuit law rather than the law of the regional circuit in which the case arose. *Akro Corp. v. Lukor*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

#### A. Illinois Long Arm Statute

Both parties agree that the catch-all provision of the Illinois long-arm statute allows Illinois courts to exercise personal jurisdiction to the maximum extent permitted by either the Illinois or Federal Constitution. *See* 735 ILL. COMP. STAT. 5/2-209(c) (2006). Consequently, the Illinois long-arm statute reaches any defendant that federal due process will allow and "the two-step inquiry folds into one: whether an exercise of personal jurisdiction . . . would offend [d]ue

[p]rocess." *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1255, 1258 (Fed. Cir. 1998).

### B. Due Process

"Due process requires only that . . . [defendant] have certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). *See also Akro Corp. v. Luker*, 45 F. 3d 1541 (Fed. Cir. 1995) (applying the "minimum contacts" test to federal question cases arising under patent laws). A plaintiff may establish personal jurisdiction where the Court has (1) specific jurisdiction based on claims relating to or arising out of the defendant's contacts with the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), or (2) general jurisdiction based on contacts of a "continuous and systematic nature," *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984).

Defendant MTC argues that Plaintiff has failed to establish specific jurisdiction or general jurisdiction as to MTC.

### 1. Specific Jurisdiction

Defendant MTC first argues that the Court cannot exercise personal jurisdiction over MTC based on specific jurisdiction. The Federal Circuit has outlined a three-prong test for determining whether a defendant has sufficient minimum contacts to establish specific jurisdiction. Courts must consider: (1) whether the defendant purposefully directed its activities toward residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair. *3D Sys., Inc v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).

In this case, between the years of 2002 and 2005, Defendant sold $19,000 worth of products in Illinois. On its face, this likely constitutes activities "purposefully directed" at Illinois residents. Neither Plaintiff nor Defendant discusses this issue.

As to the second prong, Plaintiff failed to allege how its patent infringement claims arise out of or relate to activities in Illinois. In its complaint, Plaintiff generally alleges that Defendant has conducted business, caused injury to Plaintiff, and infringed the '928 patent "in this judicial district." (#3, ¶ 21.) This conclusory statement is insufficient to establish that Defendant has "minimum contacts" with Illinois. Such a statement is even more suspect considering that Plaintiff makes the allegation generally as to all twelve Defendants, none of which have their principal place of business in this judicial district.

Plaintiff also alleges that Defendant MTC has infringed the '928 patent by importing, offering to sell, selling, and/or using sucralose made by a patented process *"within the United States."* (#3, ¶ 28 (emphasis added).) This statement is the only jurisdictional allegation in the complaint directed specifically at Defendant MTC. Nowhere in the complaint does Plaintiff use the word "Illinois" when referring to Defendant MTC specifically or to its actions. In *Pennington Seed, Inc. v. Produce Exchange No. 299*, the Federal Circuit found that a similar lack of reference to the forum state indicated a lack of personal jurisdiction. *See Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006) (forum state mentioned once in complaint). Notably, although Defendant admits to selling $19,000 worth of products in Illinois, Plaintiff has not disputed Defendant's statement that those sales are unrelated to the infringing products.

Plaintiff also argues that Defendant's worldwide sale of sucralose through its interactive website constitutes marketing, advertising, and selling in this judicial district. Even if it is true that Defendant maintains a website, this fact alone is insufficient to establish personal jurisdiction. The mere existence of a website that makes an infringing product available for

5

purchase is not enough to establish personal jurisdiction. *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005).

Presumably because its argument rests on the second prong, Defendant has made no effort to show that personal jurisdiction over it would be constitutionally unreasonable under the third prong of the specific jurisdiction test.

Because Plaintiff has not alleged that the claims arise out of or relate to activities in Illinois, Plaintiff has failed to establish that the Court has personal jurisdiction over Defendant based on specific jurisdiction.

## 2. General Jurisdiction

Defendant MTC next argues that the Court cannot exercise jurisdiction over MTC based on general jurisdiction.

As noted above, general jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 416. Thus, a corporation's contacts with a forum must be both continuous and "so substantial and of such a nature to justify the exercise of general jurisdiction over it." *Int'l Shoe*, 326 U.S. at 316. *Compare Merck & Co., Inc. v. Barr Labs.*, 179 F. Supp. 2d 368, 375 (D.Del. 2002) (holding that less than 1% of total revenue amounting to $991,000 is insufficient to establish general jurisdiction) *with LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (finding that the court did have general personal jurisdiction over out-of-state corporation that made millions of dollars of sales in-state and had a "broad distribution network" in-state).

Here, Plaintiff's allegations are insufficient to show that Defendant's activities are continuous and systematic enough to justify general personal jurisdiction. Assuming Defendant's contacts are continuous, they are still not "substantial." Defendant's in-state sales of $19,000 between 2002 and 2005 constituted about 0.1% of its total revenue during that time.

Here, consistent with the facts in the cases cited above, Defendant's small percentage and relatively small volume of sales in Illinois do not constitute substantial contacts.

Plaintiff also contends that a single sale into the stream of commerce may establish general jurisdiction. Based on Plaintiff's own authority, however, it is clear that the single sale must still be substantial enough to comport with due process. *See Everly Aircraft v. Killian*, 414 F.2d 591, 595-96 (5th Cir. 1969) (sale of single amusement park ride). Once again, Defendant's small percentage and relatively small volume of sales in Illinois do not constitute contacts that are "substantial." Accordingly, Plaintiff has failed to establish that the Court has personal jurisdiction based on the test for general jurisdiction.

Plaintiff's only allegations related to personal jurisdiction in its complaint are very general. Nowhere does Plaintiff address Defendant's specific contacts with the State of Illinois. Defendant MTC has filed an affidavit testifying to the extent of its contacts with Illinois. In light of that factual information, Plaintiff has not provided any testimony or allegations that establish Defendant's minimum contacts with Illinois. Thus, Plaintiff has failed to make a *prima facie* showing that the Court can exercise personal jurisdiction over Defendant MTC and the Court recommends granting Defendant's motion to dismiss.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue **(#12)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waive of objection on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 2nd day of November, 2006.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE